### In the Matter of GATES ENGINEERING CO., INC., Debtor.

### Bankruptcy No. 89–44.

United States Bankruptcy Court, D. Delaware.

June 16, 1989.

William E. Young, Asst. Atty. Gen., Nashville, for State of Tenn.

Novalyn L. Winfield, U.S. Trustee's Office, Newark, N.J.

Michael B. Joseph, Wilmington, Del., for Warranty Claimants Committee.

BENCH DECISION FOLLOWING HEARING ON MOTION BY THE STATE OF TENNESSEE TO ALLOW STATE AND LOCAL GOVERNMENTAL ENTITIES TO SERVE ON THE WARRNTY CLAIMANTS COMMITTEE June 16, 1989

HELEN S. BALICK, Bankruptcy Judge.

▆ The State of Tennessee asks the court to permit governmental units to serve on committees appointed under § 1102 of title 11, United States Code, or, in the alternative, to create a separate governmental entities committee or define Tennessee's status as an ex-officio member of the Warranty Committee. The Committee supports Tennessee's request. The U.S. Trustee opposes the request.

Tennessee's motion must be denied not only on the basis of the definition of the terms "person" and "governmental unit" but also on an analysis of the changes which occurred in § 1102 by the 1986 amendments to the Code.

Before the United States Trustee program was expanded almost nationwide, § 1102 had a (c) subsection that permitted a court, after notice and hearing, to change the membership or the size of a committee it had appointed under subsection (a). However, in the pilot trustee districts, § 151102 was applicable. There, the U.S. Trustee appointed all committees under subsection (a) and there was no subsection (c) which authorized the court to change that membership.

Subsequent to 1986, subsection (c) was deleted in § 1102 so that the court no longer had any authority over the composition of committees appointed by the U.S. Trustee. The U.S. Trustee is charged with appointing committees composed as the legislature dictates, that is, with "persons that hold the seven largest claims against the debtor of the kinds represented on such committee."

Section 101(35) excludes, with one exception not pertinent here, a governmental unit from the meaning of person. Section 101(26) defining governmental units includes a state. The U.S. Trustee quite appropriately excluded Tennessee as a member of the Warranty Claimants Committee.

It is apparent he attempted to make the best of a bad situation where the law doesn't make much sense. Here, it appears that Tennessee is not functioning as a governmental unit but has the same interest as other members of the Committee. However, the court cannot under the provisions of § 105 circumvent the unambiguous language of the three sections of the Code previously stated [1] in light of the deletion of subsection (c) in 1986.

▆ The alternative request for a governmental entities committee is one upon which the court has authority to act under § 1102(b)(2). Such a committee is not warranted under the circumstances here. Tennessee as an ex-officio member may not vote but has the opportunity to participate in committee meetings and review material submitted to the Committee. It would be a

1. 11 U.S.C. § 1102; 11 U.S.C. §§ 101(26) and 101(35)

waste of resources to appoint a governmental units committee to represent claimants having the same type of claim as those represented by the existing Warranty Claimants Committee.

Let me point out that the Code does not give any creditor the right to serve on a committee. That selection is within the discretion of the U.S. Trustee. Moreover, the right to vote as a committee member may or may not be of prime importance. An ex-officio member may participate in meetings, negotiations and hear and voice concerns which the Committee must address. Further, there is no restriction on an ex-officio member keeping entities in a similar position informed and expressing their concerns at meetings.

It is for the reasons stated that an order will be entered denying the motion.