**In the Matter of the COLUMBIA GAS SYSTEM, INC., and Columbia Gas Transmission Corporation, Debtors.**

**Bankruptcy Nos. 91-803, 91-804.**

United States Bankruptcy Court, D. Delaware.

Nov. 6, 1991.

Barry J. Dichter, James P. Seery, Jr., New York City, James McC. Geddes, Phillip Trainer, Jr., Wilmington, Del., for Kentucky West Virginia Gas Co.

Gloria Satriale, Office of the U.S. Trustee, Philadelphia, Pa.

Kevin Gross, Wilmington, Del., for the Official Committee of Unsecured Creditors.

Carter G. Phillips, James F. Bendernagel, Washington, D.C., Richard L. Epling, New York City, Larry J. Nyhan, Chicago, Ill., for Official Committee of Unsecured Creditors.

MEMORANDUM OPINION
AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On September 17, 1991, Kentucky West Virginia Gas Company moved this Court for an Order directing the United States Trustee to appoint it as a member of the Official Committee of Unsecured Creditors of the Columbia Gas Transmission Corporation (TCo). Several parties objected, including the Committee itself. Kentucky's motion was originally scheduled for October 3, 1991, but was continued several times to November 15, 1991.

The Committee now moves this Court to adjourn Kentucky's motion, allow briefing

on whether the latter motion should fail as a matter of law, and to set a hearing for argument on the Committee's motion. This is a core matter. 28 U.S.C. § 157(b)(2)(A). For the reasons that follow, the Committee's motion is DENIED in all respects, and Kentucky's motion remains on the calendar.

## I. *Facts.*

Kentucky has filed four memoranda in support of its motion; the Committee has filed two memoranda in opposition. From these documents and the court record, the court discerns the following undisputed material facts. On August 20, Kentucky requested the United States Trustee to appoint it to the Committee. The U.S. Trustee denied that request on September 6.

Kentucky's motion to appoint it to the Committee alleges it is one of the largest unsecured creditors of TCo and certainly larger than the present members of the Committee. Kentucky alleges that its claim, a "gas pricing claim," is not held by any member of the Committee. Kentucky concludes that the Committee does not adequately represent the different kinds of claims that are held against TCo, and that the U.S. Trustee arbitrarily and capriciously refused to appoint it to the Committee.

## II. *Discussion.*

The Committee argues in *its* motion that Kentucky's motion should fail as a matter of law because 11 U.S.C. § 1102 does not allow a bankruptcy court to add a new member to an official committee already appointed by the U.S. Trustee. Actually, Kentucky's motion is predicated upon a slightly different legal issue: whether this Court can review the U.S. Trustee's refusal to appoint Kentucky to the Committee. If the Court can review the refusal under some standard, and finds a violation of the standard, only then does the issue of an appropriate remedy arise.

Prior to the Bankruptcy Act of 1986, Pub.L. No. 99–554, § 221, 100 Stat. 3101 ("the 1986 revisions"), section 1102 gave bankruptcy courts the power to appoint the committee of unsecured creditors. The 1986 revisions amended 11 U.S.C. § 1102 to transfer the authority for this administrative act to the U.S. Trustee. H.R.Rep. No. 99–764, 99th Cong., 2d Sess., at 28 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 5227, 5241. In particular, the 1986 revisions deleted subsection (c) of section 1102, which gave the courts power to change the membership of the committee upon motion.

The Committee concludes Congress indicated by this deletion that this Court cannot substitute its judgment for that of the U.S. Trustee regarding the composition of the Committee. This limited proposition is true, but not germane to the Committee's motion. Instead, the more germane issue is whether Congress indicated by the deletion that this Court cannot review any part of the U.S. Trustee's selection process. The Court concludes Congress did not so indicate. The above discussion of the legislative history indicates the Court's power to change committee membership was removed as a housekeeping matter merely to keep section 1102 internally consistent. The deletion of subsection (c) thus does not address the issue of the Court's power to review the U.S. Trustee's selection process under some standard other than a *de novo* one.

The case of *In the Matter of Gates Engineering Co.*, 104 B.R. 653 (Bankr.D.Del. 1989) does address this issue. In *Gates,* the movant sought a court order placing it on an official committee. After reviewing section 1102, the court concluded, as here, that it no longer has the power to change committee membership by substituting its judgment for that of the U.S. Trustee. However, the *Gates* court still reviewed the facts and found that the Trustee acted "appropriately" in excluding the movant from the committee. 104 B.R. at 654. The *Gates* court also observed that the selection of members is within the U.S. Trustee's discretion. *Id.* at 655. Thus *Gates* properly held that a U.S. Trustee's refusal to appoint a creditor was subject to the deferent abuse of discretion standard. While the issue of a remedy was not reached in *Gates,* upon a court finding of

176

an abuse of discretion, a necessary or appropriate order could be entered pursuant to 11 U.S.C. § 105(a).

The Committee also relies on *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209 (Bankr.S.D.N.Y.1990). In that case, the court denied the joint liquidators' motion to be added to the committee. However, the opinion does not state whether the movants asked the court to substitute its judgment for the U.S. Trustee's judgment, or merely to review the U.S. Trustee's refusal to add the movants for an abuse of discretion. In particular, the opinion at one point focused upon the fact that the movants' papers did not allege inadequacy of representation. *Id.* at 212. Thus, the suggestion of the Committee here that the *Drexel* case directly supports its legal position is incorrect.

Furthermore, assuming the *Drexel* court did purport to analyze the same issue present here, its analysis was incomplete. The *Drexel* court merely held that the clear language of § 1102(a) did not authorize the court to appoint additional committee members and allowed the court to address inadequacy of representation only by ordering the appointment of additional committees. The *Drexel* court did not review *Gates* or consider whether 11 U.S.C. § 105(a) gives bankruptcy courts the ability to remedy an abuse of discretion by the U.S. Trustee.

Kentucky and the Committee also differ about the meaning and impact of Bankruptcy Rule 2020 (August 1, 1991), which states: "A proceeding to contest any act or failure to act by the United States trustee is governed by Rule 9014." The Committee sets up the straw woman argument that if Rule 2020 creates judicial review of Trustee acts, it violates 28 U.S.C. § 2075. The court need not address these issues. What is significant about Rule 2020 is that, as indicated in the committee notes, there are various administrative acts the Trustee performs that are subject to review, and that the authority for the review is independent of, and precedent to the enactment of Rule 2020. Bankr.R. 2020 advisory committee note (1991).

III. *Conclusion.*

The court holds it may review the U.S. Trustee's refusal to appoint Kentucky West Virginia Company to the Unsecured Creditors Committee of TCo under an abuse of discretion standard, and may order necessary or appropriate relief pursuant to 11 U.S.C. § 105(a). An order in accordance with this memorandum opinion is attached.

### ORDER

AND NOW, November 6, 1991, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED that the motion of the Official Committee of Unsecured Creditors of Columbia Gas Transmission Corporation to (i) adjourn hearing on the motion of Kentucky West Virginia Gas Company for an Order directing the United States Trustee to appoint it as a member of the Official Committee of Columbia Gas Transmission Corporation and (ii) set hearing date and briefing schedule on dispositive legal issue is DENIED.