In re **LYKES BROS. STEAMSHIP CO., INC., Debtor.**

**MASTERS, MATES & PILOTS PLANS, Appellants,**

v.

**LYKES BROS. STEAMSHIP CO., INC., Appellee.**

No. 96–401–CIV–T–17.
Bankruptcy No. 95–10453–BKC–8P1.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 27, 1996.

Alice Ruth Huneycutt, John Karl Olson,
Stearns, Weaver, Miller, Weissler, Alhadeff

& Sitterson, P.A., Tampa, FL, Babette A. Ceccotti, Cohen, Weiss & Simon, New York City, for Masters, Mates & Pilots Plans.

Harley Edward Riedel, II, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, Donald F. Walton, U.S. Trustee's Office, Tampa, FL, for Lykes Bros. Steamship Co., Inc.

Cynthia P. Burnette, T. Patrick Tinker, Office of the U.S. Trustee, Tampa, FL, for U.S. Trustee.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following briefs and responses:

1. Brief for Appellants Masters, Mates & Pilots Plans' ("Plans") appeal from the Order of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division ("Order"), dated January 4, 1996, denying the Plans' motion for judicial review of the United States Trustee's ("Trustee") refusal to appoint the Plans to the Official Committee of Unsecured Creditors ("Committee") in the Chapter 11 case of Lykes Bros. Steamship Co., Inc. ("Debtor"), and for an order directing the expansion of the Committee to include one seat for the Plans (Dkt. 9).

2. Appellee Brief of United States Trustee (Dkt. 10).

3. Reply Brief of Appellants Masters, Mates & Pilots Plans (Dkt. 12).

4. Appellant's Notice of Additional Authority (Dkt. 13).

### FACTUAL BACKGROUND

On October 11, 1995, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Bankr. Docket. No. 1). The Plans are employee benefits plans which qualify as creditors of Debtor pursuant to Debtor's obligations for unpaid plan contributions.

The Trustee did not initially appoint the Plans to the Committee. A subsequent request for appointment to the Committee by the Plans to a representative of the Trustee's office was denied (Dkt. 9). The Plans then filed a Motion Pursuant to Section 105(a) of the Bankruptcy Code for (1) Judicial Review of United States Trustee's Refusal to Appoint the Masters, Mates & Pilots Plans to the Official Committee of Unsecured Creditors, and (2) an Order Directing Expansion of the Membership of the Committee to Include the Masters, Mates & Pilots Plans as Representative of the Various Plans in This Chapter 11 Case (Bankr.Dkt. 254). The Bankruptcy Court entered an Order denying the Motion (Bankr.Dkt. 364). This appeal followed.

### STANDING

The Trustee asserts that the Plans lack standing to bring this appeal. There are three prongs that must be met in order for the Plans to meet the standing requirement: 1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; 2) a causal relationship between the injury and the challenged conduct which is fairly traceable to the challenged action of the defendant; and 3) the likelihood of redress, or, "the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative." *Northeastern Fla. Chapter of the AGC v. Jacksonville,* 508 U.S. 656, 664, 113 S.Ct. 2297, 2302, 124 L.Ed.2d 586 (1993).

The Trustee contends that the Plans cannot articulate a "concrete and particularized" injury resulting from the Trustee's committee appointment (Dkt. 10). This Court cannot agree with the Trustee's position. The Plans have not put forth a "generalized grievance" against the government. *U.S. v. Hays,* —— U.S. ——, ——, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635 (1995). Rather, the Plans have voiced a particular concern for their pecuniary interests caused by the failure of the Trustee to appoint any representative of employee-related interests to the Committee (Dkt. 12). The Trustee's recitation of possible alternative means of protecting the Plans' interests is not persuasive on this issue. This Court finds that the Plans have standing to bring this appeal.

## JURISDICTION

### I. The Order is an Interlocutory Order

 Before this Court reaches the merits of any arguments presented in this case, the Court must first determine whether it has jurisdiction over the matter. Jurisdiction over appeals from final judgements, orders and decrees of the bankruptcy courts is vested in the federal district courts. 28 U.S.C. § 158(a). The federal district courts also have discretionary jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, allowing such appeals to be filed with leave of court. 28 U.S.C. § 158(a); Fed.R.Bankr.P. 8001(b), 8003.

In the instant case, the appeal is filed as though it was an appeal as of right from a final order of the Bankruptcy Court, under Rule 8001(a). If this is an interlocutory order, Appellants have filed a notice of appeal but have not filed the required motion for leave to appeal under Rule 8001(b). The Court will first address the issue of whether this is a final or interlocutory order.

 The definition of interlocutory orders and final orders for the Middle District of Florida is found in *In re Sunstate Dairy & Food Products Co.*, 1992 WL 161138 (M.D.Fla. June 29, 1992). In that case, this Court not only defined final orders, but also gave the reasoning behind the final order rule. This Court stated that under *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), "[a] final order is an order that concludes the litigation on the merits of the case and leaves nothing for the court to do but execute the judgment.... An order that is final with regard to a particular issue, but does not end the litigation on the merits, is not a final order under *Catlin* and is not immediately appealable." *In re Sunstate Dairy*, 1992 WL 161138 (M.D.Fla.1992) (quoting *Catlin*, 324 U.S. at 233, 65 S.Ct. at 633). This Court stated the reasons behind the final order rule, citing judicial economy and efficiency, as well as "prevent[ing] parties from using interlocutory appeals to stall litigation and increase attorney's fees." *In re Sunstate Dairy*, 1992 WL 161138, at *1. Further, this Court pointed out the advantages to both parties of having the appellate court review the disputed issue along with the other related issues in the case, so that the appellate court could have a broader point of view.

 The Bankruptcy Court's determination that it was without authority to review the Trustee's failure to appoint the Plans to the Committee is not a final order under the foregoing standards. The Order, while final as to the Bankruptcy Court's ability to review the decision of the Trustee, does not end the litigation on the merits and leaves a great deal for the Bankruptcy Court to do.

The Second Circuit has addressed the finality requirement for bankruptcy appeals, and concluded that a bankruptcy court's denial of a request to appoint an official committee for shareholders is not final even under the more flexible standard of finality applied in bankruptcy cases. *In re Johns–Manville Corp.*, 824 F.2d 176, 179–180 (2d Cir.1987). The court concluded that the Bankruptcy Court's denial of shareholder requests for official committee status did not resolve particular disputes within the overall bankruptcy case. *Id.* at 180. Rather, the denial simply affected the committee structure within which various disputes in the reorganization proceeding would be considered. *Id.* The United States District Court for the Northern District of New York has applied the Second Circuit's reasoning on this question to the denial of an unsecured creditor's motion for an order directing the United States Trustee to appoint the creditor as a member of the unsecured creditor's committee. *In re Victory Markets, Inc.*, 195 B.R. 9 (N.D.N.Y.1996). The court found that denial of the creditor's motion was "even more non-final" than the order addressed in *Johns–Manville* because it only altered the composition of a single committee, rather than the affecting the number of committees. *Victory Markets* 195 B.R. at 13. The court also found that denial of the creditor's motion did not deprive it finally of official committee status, but rather left the creditor "free to seek an order, pursuant to § 1102(a)(2), directing the [United States Trustee] to appoint an additional committee. *Id.*

Further, this Order does not fall within any of the recognized exceptions to the final order doctrine. Two exceptions could apply in this case: the Forgay–Conrad rule, and the Cohen doctrine. The Forgay–Conrad rule provides for review whenever an order requires "immediate delivery of physical property and subjects the losing party to irreparable harm" if appellate review is denied until the case is finished. *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1847). In the case at bar, the Order appealed from does not require immediate delivery of physical property, so this exception is not applicable.

The Cohen doctrine provides that three factors must be present before an order can be reviewed. These factors include: "(1) the order must be independent and easily separable from the substance of the other claims in the action,. (2) it must present a need to secure prompt review in order to protect important interests of any party, and (3) it must be examined in the light of practical, rather than narrowly technical, consideration." *In re Tidewater Group, Inc.,* 734 F.2d 794, 795–96 (11th Cir.1984). In the present case, the Order appealed from may be distinguishable from other claims, but it does not present . a need to be reviewed promptly to protect the Plans' interests.

In light of the foregoing reasoning, the Bankruptcy Court's Order denying the Plans' motion for appointment to the Committee is not a final order appealable by right. In addition, the Order appealed from does not fit any recognized exception to the final order doctrine, and therefore is not immediately appealable without leave of court.

## II. The Court Has Discretion to Review the Interlocutory Appeal

■■■■ Because the Order is interlocutory, not final, this Court has discretion as to whether to review the Order if a motion for leave to appeal is properly filed. No motion has been filed in this case. Under Rule 8003(c), a notice of leave to appeal should not automatically be dismissed by the district court. Fed.R.Bankr.P. 8003(c). The advisory committee note on the rule states that a court has three options: (1) to direct that a

motion be filed; (2) to decide exclusively on the papers already filed to grant leave to appeal; and (3) to deny leave to appeal. Fed.R.Bankr.P. 8003(c) advisory committee's note.

■■■■ Relying on the reasoning in *In re Valley Forge Plaza Associates,* 119 B.R. 471 (E.D.Pa.1990), this Court finds that it has discretion as to whether to grant or deny leave to appeal from an improperly filed or incomplete notice of appeal. A district court should grant leave to appeal an interlocutory order if: (a) the order involves a controlling question of law, (b) there is a substantial ground for difference of opinion, and (c) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Charter Co.,* 778 F.2d 617, 620 n. 5 (11th Cir.1985); *In re Tidewater Group, Inc.,* 734 F.2d 794 (11th Cir.1984).

■■■■ In this case, the main issue on appeal is whether the Bankruptcy Court has authority to review the Trustee's appointment of the Committee members. The Court finds this to be a controlling question of law. There is a substantial ground for difference of opinion on this issue, as can be seen not only from the briefs submitted in this case, but also from case law in other jurisdictions. *See, e.g., In re Barney's, Inc.,* 197 B.R. 431 (Bankr.S.D.N.Y.1996); *In re Dow Corning Corp.,* 194 B.R. 121 (Bankr. E.D.Mich.1996); *In re Wheeler Technology, Inc.,* 139 B.R. 235 (Bankr. 9th Cir.1992). Finally, in this case, the determination of this appeal will materially advance the ultimate termination of this litigation. A decision on the authority of the Bankruptcy Court to review actions of the Trustee will clarify the methods of review available to the parties in bankruptcy proceedings, and preclude the need for further appeals of this type which delay the bankruptcy proceedings. Therefore, the Court will exercise its discretionary jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

## STANDARD OF APPELLATE REVIEW

■■■■ The District Court is bound by the findings of fact made by the Bankruptcy

Court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's factual findings are clearly erroneous. Fed. R.Bankr.P. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). Appellant is entitled to an independent, de novo review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

### DISCUSSION

**Whether The Bankruptcy Court Erred As a Matter Of Law In Concluding That It Could Not Modify The Membership Of The Official Committee Of Unsecured Creditors**

 The 1986 Amendments ("1986 Amendments") to the Bankruptcy Code, as contained in the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554 (Oct. 27, 1986), transferred the administrative task of appointing committees of creditors from the bankruptcy courts to the United States Trustee. 11 U.S.C. § 1102(a)(1). Any party in interest who does not feel adequately represented by the committee appointed by the U.S. Trustee can request that the bankruptcy court order the appointment of additional committees. 11 U.S.C. § 1102(a)(2). Prior to the 1986 Amendments, the Bankruptcy Court was authorized to change the membership or size of a statutorily required creditor's committee if it found that the existing membership did not adequately represent the different claims or interests in the bankruptcy proceedings upon motion. See 11 U.S.C. § 1102(c) (repealed). This provision, 11 U.S.C. § 1102(c), was repealed by the 1986 Amendments.

 The Trustee claims, and the Bankruptcy Court decided, that the repeal of § 1102(c) indicates Congress' intention that the appointment of Committee members lie solely with the Trustee. The Trustee asserts that the only avenue of relief for an unsecured creditor who does not feel adequately represented is to request that the court order the Trustee to appoint additional committees, pursuant to § 1102(a)(2). As the court stated in *In re Columbia Gas System, Inc.*,

133 B.R. 174 (Bankr.D.Del.1991), the underlying issue is "whether Congress indicated by the deletion [of § 1102(c)] that this Court cannot review any part of the U.S. Trustee's selection process." *In re Columbia Gas System, Inc.*, 133 B.R. 174, 175 (Bankr.D.Del. 1991).

This issue has provoked conflicting opinions from a number of jurisdictions. There are those courts which have held that a bankruptcy court has no authority to alter the membership of a committee appointed by the U.S. Trustee. *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209 (Bankr.S.D.N.Y.1990); *In re Wheeler Technology, Inc.*, 139 B.R. 235 (Bankr. 9th Cir. 1992). There are also courts which have held that the repeal of § 1102(c) did not deprive the courts of all authority to review the committee appointments of the U.S. Trustee. *See, e.g., In re Columbia Gas System, Inc.*, 133 B.R. 174 (Bankr.D.Del.1991); *In re Dow Corning Corp.*, 194 B.R. 121 (Bankr. E.D.Mich.1996); *In re Barney's, Inc.*, 197 B.R. 431 (Bankr.S.D.N.Y.1996). While recognizing these widely disparate opinions, this Court finds the latter view to be more correct.

There is a strong presumption that Congress intends judicial review of administrative action. *Bowen v. Michigan Academy of Family*, 476 U.S. 667, 670, 106 S.Ct. 2133, 2135, 90 L.Ed.2d 623 (1986). "Only upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Id.* at 671, 106 S.Ct. at 2136 (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967)). To conclude otherwise would mean that "statutes would in effect be blank checks drawn to the credit of some administrative officer or board." *Id.* (citing S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945)). There is no express language in the 1986 Amendments or in the legislative history of the 1986 Amendments which indicates that the Bankruptcy Court is prohibited from reviewing and altering Committee membership after the initial appointment by the Trustee. Further, "absent very specific and direct language, one should not conclude that Congress had any intention to exclude

the court from those able to change committee membership for appropriate reasons." *In re Dow Corning Corporation,* 194 B.R. 121 (Bankr.E.D.Mich.1996) (citing *In re Plabell Rubber Products,* 140 B.R. 179, 180 (Bankr.N.D.Ohio 1992)). The Court finds that Congress did not intend that the Trustee would have unbridled discretion over the appointment of creditor committees. If this were the case, there would be no forum available to a party who disagreed with the U.S. Trustee's appointments. *In re Plabell Rubber Products,* 140 B.R. 179 (Bankr. N.D.Ohio 1992).

The Plans look to 11 U.S.C. § 105(a) as the authority for the relief they seek. Section 105(a) provides that:

[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

This Court concurs with those courts which have held that "§ 105(a) may be invoked to assure that the United States Trustee does not act arbitrarily and capriciously in performing his administrative tasks mandated by the Code." *Plabell* at 181 (citing *In re First RepublicBank Corp.,* 95 B.R. 58 (Bankr.N.D.Tex.1988)). Thus, the Bankruptcy Court may review the Trustee's administrative task of appointing committee members, upon motion of a party in interest or upon its own motion. *Id.*

### CONCLUSION

This Court has carefully reviewed the Briefs of both parties and other relevant documentation. Under the applicable standard of review, the Court finds that the Bankruptcy Court erred as a matter of law in determining that it is without authority to review the Committee appointments of the Trustee. This Court remands the issue of expanding the Committee to include a seat for the Plans for a factual determination by the Bankruptcy Court as to whether the Trustee acted arbitrarily and capriciously in appointing the Committee, and whether the Plans are adequately represented by the existing Committee. Accordingly, it is

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order Denying the Plans' Motion Pursuant to Section 105(a) of the Bankruptcy Code for (A) for Judicial Review of United States Trustee's Refusal to Appoint the Masters, Mates & Pilots Plans to the Official Committee of Unsecured Creditors and (B) an Order Directing Expansion of the Membership of the Committee to Include the Masters, Mates & Pilots Plans as Representative of the Various Plans in This Chapter 11 Case is **reversed,** and **remanded** for further proceedings consistent with this opinion.