**In re MISSION HEALTH, INC. f/k/a Baptist/St. Vincent's Integrated Delivery Organization, Inc., Debtor.**

**Bankruptcy No. 99–05019–3F1.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Oct. 5, 1999.

---

Michael G. Williamson, Kay Gronek & Latham, LLP, Orlando, FL, for debtor.

Linda G. Worton, John B. Hutton, Greenberg Traurig, P.A., Miami, FL, for the Committee.

Gary T. Holzer, Weil, Gotshal & Manges, LLP, New York City, Andrew Kamensky, Weil, Gotshal & Manges, LLP, Miami, FL, Ronald L. Bergwerk, Jacksonville, FL, for Prudential Healthcare.

D. Lamar Smith, Jacksonville, FL, for Columbia Healthcare Management, Inc.

## ORDER DENYING MOTION FOR AN ORDER APPOINTING PRUDENTIAL HEALTHCARE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND MOTION FOR AN ORDER APPOINTING COLUMBIA HEALTH MANAGEMENT, INC. TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on the Motion for an Order Appointing Prudential Healthcare to the Official Committee of Unsecured Creditors (Doc. 88) and the Motion for an Order Appointing Columbia Healthcare Management, Inc. to the Official Committee of Unsecured Creditors (Doc. 110). The Court made findings of fact and conclusions of law orally on the record at an evidentiary hearing conducted on September 30, 1999. The Court makes the following Findings of Fact and Conclusions of Law in conjunction with and support of the findings of fact and conclusions of law stated orally on the record at the conclusion of the evidentiary hearing.

## FINDINGS OF FACT

Columbia Healthcare Management, Inc. and Prudential Healthcare (collectively "Movants") filed identical motions seeking to be appointed to the Official Committee of Unsecured Creditors ("Committee"). Movants claim the United States Trustee ("Trustee") acted arbitrarily and capriciously in forming the Committee in this case and seek relief in the form of appointment to the Committee. The Trustee filed a response to Movants' motions chronologically setting forth events concerning the formation of the Committee and disputing that the United States Trustee acted arbitrarily and capriciously in forming the Committee. (Doc. 147.) The Committee filed responses to Movants' motions. (Doc. 142 & 144.) At the evidentiary hearing, Kenneth Meeker, Assistant United States Trustee, testified about the procedure of appointing unsecured creditors' committees in general and the specific formulation of the Committee in this case.

For the reasons stated orally on the record at the conclusion of the evidentiary hearing and based on the conclusions of law discussed herein, the Court finds that Movants' motions should be denied.

## CONCLUSIONS OF LAW

Section 1102 of the Bankruptcy Code provides:

(a)(1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

(2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of

equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

(3) On request of a party in interest in a case in which the debtor is a small business and for cause, the court may order that a committee of creditors not be appointed.

(b)(1) A committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee, or of the members of a committee organized by creditors before the commencement of the case under this chapter, if such committee was fairly chosen and is representative of the different kinds of claims to be represented.

(2) A committee of equity security holders appointed under subsection (a)(2) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest amounts of equity securities of the debtor of the kinds represented on such committee.

11 U.S.C. § 1102 (1999).

■ Movants seek appointment to the Committee, relief to which this Court does not feel it has the appropriate power to grant. Rather, the Court's position is that Section 1102 allows the Court to order the appointment of additional committees, not additional committee members. The authority to appoint an unsecured creditors' committee lies exclusively with the United States Trustee. *See generally* Bruce H. White, *A Question of Authority: Can the Bankruptcy Court Alter the Composition of Creditors' Committees Appointed by the U.S. Trustee?*, 16–AUG Am.Bankr.Inst.J. 22 (1997) (discussing split views of bankruptcy courts' review power upon the removal of section 1102(c) and concluding no consistent approach exists).

■ Movants rely on the Court's equitable powers under Section 105 of the Bankruptcy Code providing that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105 (1999). Movants claim the Court's equitable powers give it the authority to appoint additional creditors to the committee. *See Masters, Mates & Pilots Plans v. Lykes Bros. S.S. Co. (In re Lykes Bros. S.S. Co.)*, 200 B.R. 933 (M.D.Fla.1996) (bankruptcy courts may review Trustee's administrative task of appointing committee members). This equitable power to review the Trustee's action arises upon an evidentiary showing that the appointment of an unsecured creditors' committee was arbitrary and capricious. This Court does not disagree that it has the power to review and that such power arises under Section 105. Rather, the Court is concerned with Movants' interpretation concerning the relief they seek, which is appointment to the Committee.[1]

■ Despite Movants failure to establish that the United States Trustee acted arbitrarily and capriciously in appointing the Committee, the Court finds it appropriate to discuss what it feels is the equitable relief that it may grant if such a showing had been made.[2] In revising Section 1102, Congress gave the United States Trustee authority and guidelines to ap-

---

1. Hypothetically, following Movants' position each creditor in this case could file a motion for appointment to the Committee. Certainly, Congress did not intend to bog down the administration of chapter 11 cases by having the bankruptcy courts cherry pick the members of the various committees provided for in Section 1102.

2. In this case, Movants also failed to establish that the committee was not fairly chosen and that the different kinds of claims were not represented. Additionally, Movants presented no evidence on how their addition to the Committee would be an improvement. Certainly, upon such a showing the Trustee would have added them to the Committee without Movants needing to move the Court to do so.

point unsecured creditors' committees. This Court does not feel that it is appropriate to override the Trustee's authority by adding committee members upon the motion of each unsecured creditor claiming the Trustee acted arbitrarily and capriciously. Nor does the Court feel it appropriate to substitute its judgment for that of the United States Trustee. Rather, the Court's position is that upon an evidentiary showing of arbitrary and capricious action by the United States Trustee the Court will direct the Trustee to appoint a new committee or to reformulate the committee of unsecured creditors to reflect the purposes of Section 1102(b) of the Bankruptcy Code. There may also be cases where the characteristics of unsecured creditors' committee are grossly disproportionate from the guidelines set forth in Section 1102(b) and similar relief is appropriate. However, in this case, there is no evidence of gross disproportion from these guidelines or of arbitrary and capricious action by the Trustee. Additionally, evidence of deviation from these guidelines does not per se constitute arbitrary and capricious action.

Prior to 1986, bankruptcy courts were authorized to alter the membership or size of a committee if the court determined that the existing membership did not represent the different kinds of claims or interests present in the case. *See* 11 U.S.C. § 1102(c) (repealed). *See also In re Salant Corp.*, 53 B.R. 158 (Bankr. S.D.N.Y.1985). By revising Section 1102, Congress purposely removed administrative responsibility from the bankruptcy courts and placed it in the hands of the United States Trustee to allow the courts to make decisions "untainted by knowledge of administrative matters unnecessary and perhaps prejudicial to an impartial judicial determination." H.R.Rep. No. 99–764, 99th Cong., 2d Sess. 18 (1986), reprinted in 1986 U.S.C.C.A.N. 5227, 5230. Allowing, the relief requested by Movants would circumvent the legislative intent behind the revised statute and allow bankruptcy courts to be involved with the administra-

tive formulation of creditors' committees in chapter 11 cases.

This case has been a liquidating chapter 11 from the start, therefore, there really are not classes of unsecured creditors, and each creditor is basically in the same position. Certainly, Movants' counsel, as officers of the Court and as representatives of their clients, can follow this case and the actions of the Committee. Should the Committee, in Movants' opinion, not act in accordance with what Movants feel is best then Movants can bring this to the attention of the United States Trustee's office.

## CONCLUSION

Movants failed to establish that the United States Trustee acted arbitrarily or capriciously in appointing the Committee. Additionally, this Court finds that the relief of appointment to the Committee requested by Movants contradicts the purposes of Section 1102 of the Bankruptcy Code.

Accordingly, it is **ORDERED:**

1. The Motion for an Order Appointing Prudential Healthcare to the Official Committee of Unsecured Creditors (Doc. 88) is **denied.**

2. The Motion for an Order Appointing Columbia Healthcare Management, Inc. to the Official Committee of Unsecured Creditors (Doc. 110) is **denied.**