**In re PLABELL RUBBER PRODUCTS, Debtor.**

**Bankruptcy No. 91–34578.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 17, 1992.

Jeffrey Julius, John Roca, Toledo, Ohio, for the Union.

Thomas J. Schank, Toledo, Ohio, for debtor.

Amy Leizman, Office of U.S. Trustee, Cleveland, Ohio.

Donna Weaver, Toledo, Ohio.

## OPINION AND ORDER GRANTING MOTION TO APPOINT THE UNION AS A FULL VOTING MEMBER OF THE UNSECURED CREDITORS' COMMITTEE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon motion of IBT Local 20 to appoint it as a full voting member of the unsecured creditors' committee to which the United States trustee is opposed. Upon consideration thereof, the court finds that said motion is well taken and should be granted.

### FACTS

On November 22, 1991, Debtor filed its voluntary petition under chapter 11 of title 11. On December 31, 1991, the United States trustee filed an amended appointment of committee of unsecured creditors appointing IBT Local 20 (hereinafter the union) as an ex officio member, a member without voting power.

On January 21, 1992, the union filed a motion to appoint it as a full voting member of the unsecured creditors' committee. The union states that although the United States trustee has appointed it an ex officio member of the unsecured creditors' committee, it seeks an appointment of full voting membership. The union claims that the current committee is not representative of its interest and that its appointment will not have a deleterious impact on the committee's workings.

The United States trustee requests denial of the union's motion as the union does not hold any unsecured nonpriority claims, the court is without authority to order the United States trustee to appoint additional members to the creditors' committee and the union holds an interest adverse to the

general unsecured creditors as it has expressed an interest in an employee buy out.

As a result of a pretrial conference held on February 11, 1992, the parties have supplemented their briefs. The United States trustee asserts that appointing the union as an ex officio member permits the union to provide beneficial input to the creditors' committee while minimizing any conflict which may exist between the union and the general unsecured creditors. Furthermore, the United States trustee argues that the union has failed to demonstrate an abuse of discretion, the appropriate standard for resolving the instant motion. Finally, the United States trustee contends that the union has failed to establish that it is not currently adequately represented. The union states that it is not adequately represented as no entity with employment related claims has been afforded an opportunity to serve as a full voting member of the creditors' committee.

## DISCUSSION

█ The United States trustee requests denial of the union's motion claiming that the court is without jurisdiction to issue such an order. That is, the United States trustee contends that because it has been empowered to appoint the creditors' committee, the court may not review such an appointment nor change the membership composition. Section 1102, prior to the 1986 amendments, permitted the court to change the membership or size of a committee; however, with the 1986 amendments, this section, § 1102(c), was repealed. This court is not convinced that it is without authority to consider the union's motion.

The repeal of subsection (c) of section 1102 resulted from congress' attempt to remove administrative duties from the judiciary. *See In Re Texaco Inc.,* 79 B.R. 560, 566, 16 B.C.D. 869 (Bkrtcy.S.D.N.Y.1987); *In Re Sharon Steel Corp.,* 100 B.R. 767, 19 B.C.D. 780 (Bkrtcy.W.D.Pa.1989) (congress intended that the U.S. trustee's role in connection with the appointment of creditors' committee was strictly administrative and that the power of bankruptcy court to adjudicate disputes regarding that is in no way diminished); 5 *Collier on Bankruptcy* 1102.01 at 1102–21 (15th ed. 1992) (the deletion of this provision should be considered in light of transferring the appointment functions to the nationwide United States trustee system established by the 1986 amendments). The *Texaco* court went on to state that:

it follows that if upon request of an interested party, the United States Trustee does not agree to change the membership or the size of a committee previously appointed under 11 U.S.C. § 1102(a), such party may apply to the court for such relief.

*Texaco,* 79 B.R. at 566. *See also In Re Sharon Steel Corp.,* 100 B.R. 767, 774 (Bkrtcy.W.D.Pa.1989) (nothing in the present statute expressly prohibits the continued existence of the power to alter the structure of a committee following the initial appointment of the committee by the U.S. Trustee if and when an asserted justification requiring a judicial determination is brought before the court (citation omitted)).

The United States trustee determined that the union qualified for appointment to the creditors' committee, although appointing it in an ex officio status. The court finds that it may resolve the union's request; otherwise, there would be no forum to which a party could resort if it disagreed with the United States trustee's appointment. *See 5 Collier on Bankruptcy* ¶ 1102.01 at 1102–21 (15th ed. 1992) (if a request to the United States trustee to change the membership of the committee fails, or if there is an objection to the act of the United States trustee, there must be the ability to resort to the court; absent very specific and direct language, one should not conclude that Congress had any intention to exclude the court from those able to change committee membership for appropriate reasons). If the union were not permitted to resort to the court in requesting appointment as a full voting member, the union would be without recourse as to the United States trustee's appointment process.

Additionally, the court concurs with the union that 11 U.S.C. "§ 105(a) may be invoked to assure that the United States trustee does not act arbitrarily and capriciously in performing his administrative tasks mandated by the Code." *In Re First Republicbank Corp.*, 95 B.R. 58, 60 (Bkrtcy.N.D.Tex.1988). *See also Sharon Steel Corp.*, 100 B.R. at 774 (pursuant to its inherent power, the court could expand the membership of the existing committee notwithstanding the repeal of § 1102(c) (citation omitted)); *In Re Microboard Processing, Inc.*, 95 B.R. 283, 284 n. 1 (Bkrtcy. D.Conn.1989) (the parties agreed that the relief sought was available under § 105(a) and Rule 60(b)(6)). This court may, then, review the United States trustee's administrative task of appointing committee members, upon motion of a party in interest or upon its own motion. *First Republicbank*, 95 B.R. at 60.

■ Having found that this court may resolve the instant motion, the court must next decide the appropriate standard for reviewing the United States trustee's act. In *First Republicbank*, the court determined that because it was reviewing an administrative task, it should use "the arbitrary and capricious standard." *First Republicbank*, 95 B.R. at 60 (citation omitted). *See also Sharon Steel*, 100 B.R. at 776 (case law establishes that the decision of the U.S. trustee with regard to the reconstitution of an existing official committee is subject to de novo review by the bankruptcy court in order to determine the adequacy of the representation).

The United States trustee stated that appointment of the union to the creditors' committee is favorable, however its interests appear to be different and adverse to the general unsecured creditors. Comments of the United States Trustee at 3. Furthermore, the United States trustee asserts that the union's claims are almost entirely priority claims. *Id.* The United States trustee admits that the committee may benefit from the union's input. Supplemental Comments of the United States Trustee at 2.

■ The union properly states that it must establish that the committee is not representative of its interests. The United States trustee appears, as stated, to admit that the union's interests are different than those of the committee. In fact, this appears to be one of the reasons the United States trustee appointed the union as a nonvoting member. The court notes that "members of a committee of unsecured creditors need not have parallel interests in order to qualify for membership on the committee." *Texaco*, 79 B.R. at 567 (citation omitted). In fact, the issue of adequate representation is to be determined by the court. *Id.* at 566. *See also First Republicbank*, 95 B.R. at 59 (if raised by a party in interest, the issue of adequate representation must be determined by the court de novo after the United States trustee performs his administrative task of appointing committee members). The court finds that the union is not adequately represented and accepts the union's assertion that no member of the creditors' committee has an employment related claim. Additionally, the union, pursuant to Debtor's amended schedules, is listed as one of the creditors holding the 20 largest unsecured claims. In fact, Debtor lists the union as a creditor with the sixth highest unsecured claim. Finally, the United States trustee is concerned that permitting the union to vote may give rise to a conflict of interest. Again, recourse is available should a dispute arise between the union and the United States trustee concerning the status afforded the union on the committee and any resulting conflict.

The United States trustee has submitted case law in support of its position. *See In Re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209 (Bkrtcy.S.D.N.Y.1990) (movant sought appointment to a committee and the court concluded that § 1102 does not authorize the relief requested); *In Re Allied Delivery Systems Co.*, 52 B.R. 85 (Bkrtcy.N.D.Ohio 1985). However, the court finds these cases distinguishable and inapposite. In *Drexel*, additional factors were considered by the court in its denial of the creditors' request for order directing the United States trustee to appoint them

to the creditors' committee, including the untimeliness of the motion (some two months after the initial appointment), the adversarial relationship existing between the Debtor and the union and the creditors' failure to demonstrate the committee to be unrepresentative of the general unsecured creditors. Here, the union's motion was filed approximately 20 days after the United States trustee's appointment; the union's filing of an unfair labor practice charge is not, as represented by counsel at the pretrial conference held on the instant motion, adversarial as it alleges contract breaches, a typical charge asserted by a union; and the union has demonstrated that the committee, as composed, is not representative of its interest.

Furthermore, in *Matter of Columbia Gas System, Inc.*, 133 B.R. 174 (Bkrtcy. D.Del.1991), the court held that:

> it may review the U.S. trustee's refusal to appoint [a creditor] to the unsecured creditors committee of [Debtor] under an abuse of discretion standard, and may order necessary or appropriate relief pursuant to 11 U.S.C. § 105(a).

*Id.* at 176. That court also stated, in analyzing *Drexel*, that:

> [t]he *Drexel* court merely held that the clear language of § 1102(a) did not authorize the court to appoint additional committee members and allowed the court to address inadequacy of representation only by ordering the appointment of additional committees. The *Drexel* court did not review ... or consider whether 11 U.S.C. § 105(a) gives bankruptcy courts the ability to remedy an abuse of discretion by the U.S. Trustee.

*Id.* This court concurs; it may review the United States trustee's refusal to appoint the union as a full voting member and may order the appropriate relief, appointment.

Finally, the court notes that no objection to the union's motion has been filed by either the Debtor or other members of the creditors' committee. Notwithstanding the integrity of those courts referred to by the United States trustee and their analysis, this court, absent a controlling precedent, is not persuaded that it is without authority to resolve the union's motion. Again, as stated, the union would have no recourse for review of the United States trustee's appointment, absent a judicial forum.

In light of the foregoing, it is therefore

ORDERED that the United States Trustee be, and hereby is, directed to appoint IBT Local 20 as a full voting member of the unsecured creditors' committee.