**In re MERCURY FINANCE COMPANY, a Delaware Corporation, Debtor.**

**Bankruptcy No. 98 B 20763.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 24, 1998.

Supplemental Opinion Denying Motion to Reconsider, Aug. 28, 1998.

James Gordon, for Movant or Plaintiff.

Daniel A. Zazove, Chicago, IL, for Respondent or Defendant.

Lewis S. Rosenbloom, Chicago, IL, Trustee

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the Amended Emergency Motion of Alan Aron, Arthur Kaplan, Robert Lentz, and George Pontikes for Entry of Order Directing United States Trustee to Reconstitute Membership of the Equity Committee and Alternative Relief. The Court issued an oral ruling from the bench on August 19, 1998, and reserved the right to issue a written opinion setting forth its reasoning at a later date. The Court hereby supplements its oral ruling with the following opinion.

### I. FACTUAL BACKGROUND

The Debtor, Mercury Finance Company, is a holding company whose shares of stock have been publicly traded since 1989.[1] The Debtor's primary assets consist of thirty-seven (37) operating subsidiaries which are engaged in the business of acquiring installment sales finance contracts from automobile dealers and retail vendors, in extending short-term installment loans directly to consumers and in selling credit insurance and other related products.

Concurrently with the filing of its bankruptcy petition, the Debtor filed an plan of reorganization and a proposed disclosure statement. These documents represent a "prepackaged" chapter 11 plan negotiated by the Debtor prior to the filing of the Chapter 11 petition. As stated in the proposed disclosure statement, the senior debt holders of the Debtor have basically agreed to allocate value to other creditors and interest holders; to issue new warrants to stockholders and certain claimants to allow them to share in any successful restructuring; and to create a

---

1. On July 6, 1998, certain creditors filed an involuntary Chapter 11 petition against the Debtor. On July 15, 1998, the Debtor filed its own voluntary petition under Chapter 11. On July 17, 1998, this Court issued an order consolidating the two cases into the above captioned matter and designating the date of filing of the Voluntary Petition as Debtor's consent to adjudication subject to certain reservations of rights regarding the original petition date. The operating subsidiaries owned by the Debtor have not filed for chapter 11 protection.

debt purchase right for stockholders to allow them to convert stock to debt if they wish.

The proposed disclosure statement sets forth the primary reasons for the financial difficulties leading to the chapter 11 filing. In short, in 1997 the Debtor announced it had discovered certain accounting irregularities due to unauthorized accounting entries made by certain of its officers which caused a material overstatement of the previously released earnings for 1995 and 1996. These irregularities led to defaults under various financing agreements by the Debtor and resulted in significant financial difficulties. The accounting irregularities resulted in a number of class action securities fraud and shareholder derivative actions in both state and federal court against the Debtor and other defendants. Drawing from the various lawsuits, the United States District Court for the Northern District of Illinois formed global settlement committees composed of the Debtor, its officers and directors, its independent auditors, and representatives for plaintiffs in all pending litigation, except for certain consumer litigation. Settlement negotiations with this committee were continuing at the time of the filing of the chapter 11 petition and, with the permission of this court, are ongoing as of this date.

On July 22, 1998, the United States Trustee ("U.S. Trustee") appointed an official committee of unsecured creditors (hereinafter the "Creditors Committee"). This committee is comprised solely of the senior debt holders who participated in the negotiation and formulation of the terms of the Debtor's plan prior to the commencement of the case.

On July 27, 1998, the U.S. Trustee appointed a Committee of Equity Holders and Security Purchaser Claimants (hereinafter referred to as the "Equity and SPC Committee") which was comprised of nine members.[2] With the exception of one, the members of the Equity and SPC Committee are the same parties serving as representatives of claimants in the settlement conferences arising from the accounting irregularities disclosed by the Debtor prepetition.[3] Some of these parties, referred to as the security purchaser claimants, no longer hold equity securities of the Debtor. According to the U.S. Trustee's response in this matter, it took into consideration, among other things, the existence of the settlement committee, the pending negotiations, and the fact that the District Court had already set up a mechanism to mediate a resolution of the security purchaser claims when it formed the Equity and SPC Committee.

On July 29, 1998, Alan Aron, Arthur Kaplan and Robert Lentz, all of whom are current shareholders, presented their Emergency Motion for Entry of an Order Directing

**2.** On July 17, 1998, the United States Trustee received a written request from the Minnesota State Board of Investment, a member of the settlement committee, to appoint a committee consisting of "equity holders and security purchaser claimants." In addition, the U.S. Trustee received additional requests by form letter from equity holders requesting the formation of a committee of equity security holders. After considering these requests, the U.S. Trustee convened a meeting on July 27, 1998, to appoint such a committee. The notice of meeting provided that only actual equity holders or security purchaser claimants who participated in the meeting would be considered for appointment and it included a form to be completed to request appointment to the committee.

**3.** The Equity and SPC Committee consists of the following members:

| Equity Holder/Security Purchaser Claimant | Representative | Number of Shares Or Held Claim Held |
| --- | --- | --- |
| Shriners Hospitals for Children | Jay Fleisher | Security Purchaser Claim |
| Minnesota State Board of Investment | Lois Buermann | Security Purchaser Claim |
| T. Rowe Price, et al. | L. Chasney/H. Stiles | Security Purchaser Claim |
| Mercury Finance Co. 401k Benefit Plan | James Ferree | Security Purchaser Claim |
| Robert Lentz | Robert Lentz | 100,000 shares |
| Joseph Daniele | Joseph Daniele | 23,400 shares |
| Michael Dloogatch | Michael Dloogatch | 3,527 shares |
| Michael R. Trauscht Profit Sharing Trust | Michael R. Trauscht | 100 shares |
| Jordan Capital | Paul Davner | 267,200 shares |

the United States Trustee to Reconstitute Membership of the Equity Committee. On July 31, 1998, Alan Aron, Arthur Kaplan, Robert Lentz and George C. Pontikes (hereinafter the "Movants") filed their Amended Emergency Motion for Entry of an Order Directing the United States Trustee to Reconstitute Membership of the Equity Committee and Alternative Relief. On August 3, 1998, the Movants filed a Motion for Summary Judgment on the Amended Emergency Motion.

The Amended Emergency Motion to Reconstitute asserts that the Security Purchaser Claimants are ineligible as a matter of law to be members of an equity committee because they do not currently hold any shares of stock and are therefore not equity holders. The Amended Motion also asserts that it was an abuse of discretion to appoint equity holders who hold fewer shares than the Movants when the Movants had indicated some interest in serving on the committee.[4] Based upon these two assertions, the Movants request that the Court Order the U.S. Trustee to Reconstitute the membership of the Equity and SPC Committee by vacating the appointment of the security purchaser claimants and the equity holders holding fewer shares than the Movants and appointing persons eligible to serve under sec. 1102(b)(2) in their place or, alternatively, order the U.S. Trustee to disband the present committee and appoint a new committee in its place.

## II. DISCUSSION

The U.S. Trustee is appointed by the Attorney General of the United States. The U.S. Trustees, although officers of the court when appearing before the court and when acting as trustees in cases, are administrative officers of the bankruptcy system. The United States Trustees are responsible for both the day-to-day operation of the bankruptcy system and the long-term assurance that lawyers are properly using the system.[5] Section 307 of the Bankruptcy Code allows the U.S. Trustee to appear and be heard on numerous matters in a bankruptcy case pending before the court, while other sections limit its actions.

The U.S. Trustee challenges the jurisdiction of this court to review and adjudicate the questions presented. Therefore, the Court must initially determine whether it holds the authority to review the act of the U.S. Trustee in appointing any committee under Sec. 1102. Assuming it has such authority, the Court must then decide whether the U.S. Trustee acted properly in appointing the Equity and SPC Committee under Sec. 1102.

### A. Jurisdiction and Authority of this Court

■ This proceeding arises in a case under the Bankruptcy Code as required by 28 U.S.C. sec. 1334(b) and is a "core" proceeding under 28 U.S.C. sec. 157(b)(2)(A). Jurisdiction is therefore properly vested in this Court. There is, however, some controversy as to whether this Court has the authority to review the actions of the U.S. Trustee in appointing a committee under sec. 1102. This Court concludes, that as a matter of law, it does hold such authority, and that the actions of the U.S. Trustee with respect to the formation of this committee are subject to judicial review.

11 U.S.C. Sec. 1102 governs the appointment of committees in a chapter 11 proceeding. Section 1102(a)(1) provides that "as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or

---

4. The Movants hold shares of common stock of the Debtor as follows:
Robert Lentz—100,000 shares; George C. Pontikes and members of his immediate family—100,000 shares; Arthur Kaplan—87,000 shares; Alan Aron and members of his immediate family—100,000 shares. Upon his written request made at the July 27, 1998 meeting, Robert Lentz was appointed to the Equity and SPC Committee by the U.S. Trustee. Mr. Kaplan and Mr. Aron did not formally request to be appointed to the Equity and SPC Committee by completing an appointment form provided by the U.S.Trustee at the July 27, 1998 meeting. Mr. Pontikes did not attend the July 27, 1998 meeting and did not complete an appointment form seeking appointment to the Equity and SPC Committee.

5. H.R.Rep. No. 595, 95th Cong., 1st Sess. 110 (1977).Collier on Bankruptcy, 15th Ed. Rev. page 6–18, Sec. 6.01[2] et seq.

of equity security holders as the United States trustee deems appropriate." Section 1102(a)(2) goes on to state that "[o]n request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to ensure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee."

It is clear from this language that the U.S. Trustee is vested with the authority to appoint committees and that the Court may order the U.S. Trustee to appoint an additional committee upon the request of a party when it is necessary to ensure adequate representation of creditors or of equity holders. It is not so clear, however, whether the actions of the U.S. Trustee in making an appointment under sec. 1102(a)(1) are subject to modification or reversal by this Court. Is the Court's authority with respect to creditors committees limited solely to the appointment of an additional committee when the existing committee does not adequately represent the parties? Can the Court order the U.S. Trustee to disband a committee? Can it order the appointment of particular parties to a committee or vacate the appointment of a particular party? Can the Court *sue sponte* raise an issue with respect to committee formation or must it rely upon the request of a party-in interest? What about a situation where the U.S. Trustee allegedly acted outside the scope of its statutory authority in appointing a committee? Would such an act be reversible by the Court or is the sole remedy the appointment of an additional committee? This Court holds that as a matter of law it has the authority to review the actions of the U.S. Trustee in appointing a committee under sec. 1102(a)(1) and that it may set aside that action when it goes beyond the scope of the U.S. Trustee's statutory appointment powers.

Federal Rule of Bankruptcy Procedure 2020, captioned "Review of Acts by United States Trustee," states "a proceeding to contest any act or failure to act by the United States trustee is [a contested matter] governed by Rule 9014." Implicit in these rules is the conclusion that all acts of the U.S.

Trustee are subject to review by the Court. *See In re Barney's, Inc.*, 197 B.R. 431, 437–38 (Bankr.S.D.N.Y.1996)(noting that the Advisory Committee Notes to the Bankruptcy Rules further support this inherent power of review). In the opinion of this Court, 11 U.S.C. Sec. 1102 does not restrict or limit this authority in any way.

Numerous decisions have held that the court may modify or alter the composition of a committee when it does not adequately represent the parties-in-interest and that the court is not limited to ordering appointment of an additional committee in such a situation. These courts rely upon the inherent power of judicial review over acts of the U.S. Trustee as well as relying upon the equitable powers granted to the courts under 11 U.S.C. sec. 105. *See, e.g., In re Value Merchants, Inc.*, 202 B.R. 280, 287–88 (E.D.Wis.1996); *In re Lykes Bros. S.S. Co.*, 200 B.R. 933, 939–40 (M.D.Fla.1996); *In re Barney's, Inc.*, 197 B.R. 431, 439 (Bankr.S.D.N.Y.1996); *In re Plabell Rubber Products*, 140 B.R. 179, 180 (Bankr.N.D.Ohio 1992); *In re Public Service Co. of New Hampshire*, 89 B.R. 1014, 1020–21 (Bankr.D.N.H.1988). "[I]f there is an objection to the act of the United States Trustee, there must be an ability to resort to the court; absent very specific and direct language, one should not conclude that Congress had any intention to exclude the court from those able to change committee membership for appropriate reasons." *Plabell Rubber Products*, 140 B.R. at 180. There are various lines of reasoning applied by these courts and they are split on whether the appropriate standard of review is a *de novo* review or an abuse of discretion by the U.S. Trustee. *Compare In re Sharon Steel Corp.*, 100 B.R. 767, 785–86 (Bankr.W.D.Pa. 1989), *and In re Texaco*, 79 B.R. 560 (Bankr. S.D.N.Y.1987) *with Barney's*, 197 B.R. at 439, *and Plabell Rubber Products*, 140 B.R. at 181–182.

There is also a contrary line of authority which holds that the court has no authority to affect the composition of a committee appointed by the U.S. Trustee. *See In re Dow Corning Corp.*, 212 B.R. 258, 264 (E.D.Mich. 1997) (holding that the language of sec. 1102(a)(1), unlike the prior statute, does not

give the court a role in the appointment or modification of committees and sec. 1102(a)(2) does not empower the Court to appoint or remove committee members); *In re Wheeler Technology, Inc.*, 139 B.R. 235, 239 (9th Cir. BAP 1992)(holding that the power to appoint and delete members of the committee now resides exclusively with the U.S. Trustee); *In re Drexel Burnham Lambert Group, Inc.*, 118 B.R. 209, 210–211 (Bankr.S.D.N.Y.1990)(holding that inadequate representation may only be remedied by appointment of another committee); *In re Hills Stores Co.*, 137 B.R. 4, 8 (Bankr.S.D.N.Y.1992)(stating that sec. 1102 no longer permits the addition or deletion of members of the committee by the court except in circumstances not relevant there). These courts conclude that, based upon the plain language and the legislative history underlying 11 U.S.C. sec. 1102, the sole remedy available to a party asserting that the committee inadequately represents parties-in-interest is the order for appointment of an additional committee under subsection (a)(2).[6] For the reasons stated earlier, this Court rejects this line of authority and holds that the 1986 amendments to 11 U.S.C. sec. 1102 did not divest the Court of its inherent powers to review the actions of the U.S. Trustee in committee appointments.

All of the cases cited above are distinguishable from the primary issue before this Court. In this case the court need not reach all of those issues. In each of these decisions, the courts were asked to determine whether certain committee members ade-

quately represented all the parties-in-interest. The primary issue before this Court, however, is whether the appointment of a blended Equity and SPC Committee is authorized under the statute which only provides for the appointment of creditor committees or equity committees. Before reaching the question of adequate representation, the Court must determine whether the formation of this type of "mixed" committee was authorized in the first instance.[7] As stated above, this Court finds that it has the inherent authority to undertake this review.[8]

## B. Validity of the Committee of Equity Holders and Security Purchaser Claimants Under 11 U.S.C. sec. 1102

Section 1102(a)(1) authorizes the appointment of a creditors committee. It authorizes the appointment of an equity committee. It also authorizes the appointment of additional committees of creditor "or" of equity security holders as the U.S. Trustee deems appropriate. The plain meaning of "or" is to alternatively exclude. To be inclusive would require the insertion of "and" or "and/or." It does not, however, authorize the appointment of an additional committee consisting of both creditors and equity security holders.

All the parties concede that the committee at issue here is not an ordinary equity committee. The U.S. Trustee named it a "Committee of Equity Security Holders and Securities Purchaser Claimants" and argues in its response that the committee was properly appointed as "an additional committee of eq-

---

**6.** Prior to its amendment in 1986, 11 U.S.C. sec. 1102(a) provided that the bankruptcy court had the sole authority to appoint a committee and sec. 1102(c) expressly provided that the court could change the membership or size of committees appointed under subsection (a). These courts conclude that the amendment transferring the administrative appointment power to the U.S. Trustee and deletion of the court's power to change the size or the members of the committee demonstrate congressional intent to exclude the court completely from the appointment process. *See also* King, 5 Collier on Bankruptcy para. 1102.01 (15th ed.1996)(discussing H.R.Rep. No. 764, 99th Cong. 2d Sess. 18 (1896)).

**7.** The Movants do assert that certain members of the committee do not adequately represent their interests and should be removed for various rea-

sons. The Court need not rule on these matters because it holds that the Equity and SPC committee is not statutorily authorized and must be dissolved. The Court notes, however, that it does not believe the U.S. Trustee abused its discretion in any way in appointing claimants who did not hold the seven largest claims; appointing claimants who hold disputed, contingent or unliquidated claims; or appointing a claimant who may hold a potential competing interest. While it may not necessarily agree that paralleling the settlement committee was the best way to proceed, the Court respects the decision of the U.S. Trustee to take this approach.

**8.** This Court has jurisdiction to review the action of the U.S. Trustee under its inherent powers under Section 105 of the Code. Also see Rule 2020 of the Rules.

uity holders and security purchaser claimants" sharing a common goal of maximizing the return to equity. The Debtor's response refers to the committee as a "complete and comprehensive cross section of equity and equity-related interests." The Equity and SPC Committee itself states that the Movants wrongly assume it is strictly an equity committee and refers to itself as the "Holders and Claimants Committee." These parties assert that since the security purchaser claimants are holding claims for damages arising from the sale or purchase of a security they will therefore be subordinated to the same priority as current equity holders under 11 U.S.C. sec. 510(b) at the time of distribution. They should therefore have a common interest with equity which would permit them to be represented together with current equity holders on the Equity and SPC Committee.

■ This argument ignores the express language of sec. 1102(a) which authorizes committees of "creditors holding unsecured claims" *or* of "equity security holders." Subsection 1102(b) further states that equity security holders are those persons that *"hold"* equity securities. The Court concludes that the plain meaning of this language refers to a present holding of an equity security. It does not include a claim arising from a prior equity holding or an equity-related interest. In this instance, the security purchaser claimants hold claims arising from their prior equity holdings. The economic treatment afforded them under sec. 510(b) at the time of distribution does not convert their status to that of a current equity holder. They are creditors and not equity holders. They could serve on an additional committee of creditors under Sec. 1102(a). They may not, however, serve on an equity holders committee.

■ The Movants advance the argument in support of their request that the Court vacate the appointment of the security purchaser claimants and appoint other equity holders to take their place. No party in interest, however, has moved for appointment of an equity committee. Further, such

an act would convert the current committee to an equity committee. Merely removing the security purchaser claimants, however, does not resolve the improper formation of this committee. There is no statutory authority for a blended committee consisting of creditors and equity holders even as an "additional committee." The U.S. Trustee has no power to appoint such a mixed committee under sec. 1102(a). There is, simply put, no such animal. The Court must therefore order the dissolution of the Equity and SPC Committee as a matter of law.[9]

### III. CONCLUSION

The Court has the jurisdiction and inherent power to review the actions of the U.S. Trustee in creating statutory committees under 11 U.S.C. § 1102 and may vacate the appointment of any committee which is not authorized by that statute. It is therefore ordered that the Committee of Equity Holders and Security Purchaser Claimants appointed on July 27, 1998, is dissolved. To the extent the Amended Emergency Motion to Reconstitute the Committee requests this relief, it is granted. In all other respects the Amended Emergency Motion is denied.

### SUPPLEMENTAL MEMORANDUM OPINION ORDER DENYING MOTION OF U.S. TRUSTEE TO RECONSIDER

This matter comes before the Court on the Motion of the United States Trustee to Reconsider Order Dissolving the Committee of Equity Holders and Security Purchaser Claimants. The Court issued an oral ruling from the bench on August 19, 1998, and supplemented its oral ruling with a written opinion on August 24, 1998, which ordered the dissolution of the Committee of Equity Holders and Security Purchaser Claimants appointed by the United States Trustee on July 27, 1998, and granted in part the Amended Emergency Motion of Alan Aron, Arthur Kaplan, Robert Lentz, and George Pontikes for Entry of Order Directing United States Trustee to Reconstitute Member-

---

**9.** This is without prejudice to any further action of the U.S. Trustee to initiate and form committees within the scope of Sec. 1102.

ship of the Equity Committee and Alternative Relief. The U.S. Trustee now requests that the Court reconsider that Order and Memorandum Opinion on the grounds that it made an error of law in not addressing the rule of construction set forth in 11 U.S.C. sec. 102(5) in its interpretation of "or" as used in 11 U.S.C. § 1102(a)(1). For the reasons stated below, the Motion to Reconsider is denied.

## I. FACTUAL BACKGROUND

The Court has adequately set forth the factual background of this matter in its memorandum opinion dated August 24, 1998, and will not repeat that background here.

## II. DISCUSSION

Federal Rule of Civil Procedure 59, made applicable to this matter by Federal Rule of Bankruptcy Procedure 9023, allows parties to present a motion to reconsider in order to correct manifest errors of law or fact. The U.S. Trustee asserts that the Court made an error of law in interpreting and applying 11 U.S.C. § 1102(a)(1) because the Court did not address the rules of construction found in 11 U.S.C. § 102(5) relating to the use of the word "or" in the Bankruptcy Code.

11 U.S.C. Sec. 1102 governs the appointment of committees in a chapter 11 proceeding. Section 1102(a)(1) provides that "as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate."

The issue here focuses on the use of the word "or" in the statutory language providing that the U.S. Trustee "may appoint additional committees of creditors **OR** of equity security holders as the United States trustee deems appropriate (emphasis added)." The Court reasoned in its August 24, 1998, opinion, that the plain meaning of "or" is to alternatively exclude. To be inclusive would require the insertion of "and" or "*and/or.*" The use of the word "or" in 11 U.S.C. sec. 1102(a)(1) authorizes the appointment of an additional committee of creditors *and / or* the

appointment of an additional committee of equity holders. Memorandum Opinion dated August 24, 1998, at p. 12. It does not, however, authorize the appointment of an additional committee consisting of both creditors and equity security holders.

The U.S. Trustee asserts that the rules of construction in 11 U.S.C. § 102(5) require the Court to read this use of the word "or" as inclusive, as if it read "and/or." The U.S. Trustee also cites to case law for the proposition that "section 102(5) is designed to avoid the result if 'or' were interpreted as indicating a choice between mutually exclusive alternatives." The Court does not disagree with this statement of law. The argument of the U.S. Trustee, however, requires the Court find that the "or" relates only to the words "creditors" or "equity holders" and not to the entire phrase "additional committees of creditors or equity holders." The Court does not read sec. 1102 in this way and it concludes that application of the inclusive rule of construction still does not authorize a single committee comprised of equity holders and security purchaser claimants.

Section 102(5) clearly says that "[i]n this title "or" is not exclusive." Looking again at the language of sec. 1102(a)(1), the U.S. Trustee "may appoint additional committees of creditors **OR** of equity security holders as the United States trustee deems appropriate (emphasis added)." When the "or" is read as inclusive and as if it said "and/or", it becomes clear that the U.S. trustee may appoint additional committees of creditors **AND/OR** additional committees of equity holders. It may appoint one or more creditors committees, or it may appoint one or more equity committees. The Court concludes, however, that it may not appoint a combined creditor and equity committee. The use of the word "or" modifies or relates to the complete phrase "an additional committee of creditors" and/or "an additional committee of equity holders." This holding is not contrary to the rules of construction and does not constitute an error of law.

Furthermore, the cases cited by the U.S. Trustee are not inconsistent with this holding. In *Federated Group, Inc.,* 107 F.3d 730

(9th Cir.1997), the Court was asked to interpret section 303(b) which requires an involuntary petition to be filed "by three or more entities, each of which is either a holder of a claim ... or an indenture trustee representing such holder...." "The Ninth Circuit held that the three entities could be comprised of holders of claims *and* indenture trustees representing such holders and that it was not limited to either the holder or the trustee. The Court reasoned that the indenture agreement provided that the individual bondholders had an absolute and unconditional right to payment which entitled them to stand in their own right apart from the indenture trustee and also that the indenture trustee represented other holders who had not sought to act as petitioning creditors. Thus, there were clearly two types of petitioning entities—individual holders of claims and the indenture trustee acting for other holders of claims as well as for those individual holders. The Ninth Circuit's holding is that when there is more than one type of petitioning entity permitted under sec. 303(b) each of those entities may be counted for the requirement of three petitioners, even though the statute says "either" holders "or" indenture trustees.

The holding in *Federated* is not identical to the issue before this Court. However, applying a similar line of reasoning, the Court concludes when more than one type of committee is authorized under sec. 1102, the U.S. Trustee may appoint each type of committee and is not just limited to one creditor committee or one equity committee. It may appoint both types of committees if it deems both to be necessary. The Court does not interpret *Federated* as standing for the premise that the U.S. Trustee may appoint a combination or mixed committee under the inclusive rule of construction. The other cases cited by the U.S. Trustee in the motion to reconsider are inapposite and similarly distinguishable.

■ The Court hereby corrects its prior opinion insofar as it has interpreted the use of the word "or" in sec. 1102(a)(1) as being exclusive rather than inclusive. As stated in the prior opinion, however, there is no statutory authority for a blended committee consisting of creditors and equity holders even as an "additional committee." The U.S. Trustee has no power to appoint such a mixed committee under sec. 1102(a). The Motion of the U.S. Trustee to reconsider the dissolution of the Committee of Equity Holders and Security Purchaser Claimants based upon an error of law is therefore denied. The Memorandum Opinion dated August 24, 1998 is hereby supplemented by this additional ruling.